IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-182-BO

| | | |
|---|---|---|
| ROBERT EUGENE DENNIS, JR., substitute as party for plaintiff MICHAELANNE DENNIS, deceased, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | O R D E R |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, Defendant. | ) ) ) ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 24, 2013, at New Bern, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff Michaelanne Dennis brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed her applications on July 28, 2009, alleging disability since January 15, 2009. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited

to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's bipolar disorder, degenerative joint disease of the left knee, and Ehlers-Danlos syndrome were considered severe at step two but did not meet or equal a listing at step three. Finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform light work with restrictions. Plaintiff's impairments prevented her from returning to her past relevant work at step four, but the ALJ concluded that jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled.

Plaintiff died on December 30, 2012, subsequent to the filing of her complaint in this Court. Plaintiff's father, Robert Eugene Dennis, has been permitted to proceed in her place as her substitute party. Though her death certificate is not in the administrative record, plaintiff's death was caused by complications of Ehlers-Danlos syndrome.[1]

The ALJ's failure to rely on a vocational expert in this matter was error. The claimant bears the burden of proof at steps one through four of the sequential evaluation, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Where both exertional and non-exertional impairments are present, the Medical-Vocational Guidelines or "grids" may not be relied on to conclusively carry the Commissioner's burden at step five. *Wilson v. Heckler*, 743 F.2d 218, 222 (4th Cir. 1984); *see also Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983) ("The grids may satisfy the Secretary's burden of coming forward with evidence as to the availability of jobs the claimant can perform only where the claimant suffers solely from exertional impairments."). A vocational expert (VE) must instead be used to assist the ALJ in determining whether there are other jobs that the claimant can perform and whether those jobs exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 404.1566(e); *see also Smith v. Califano*, 592 F.2d 1235, 1236 (4th Cir. 1979).

Plaintiff satisfied her burden here through step four when the ALJ found that she could not return to her past relevant work. Although plaintiff suffers from both exertional and non-exertional impairments, ALJ did not employ a VE in order to determine whether jobs existed that plaintiff could perform. This was error. As the Commissioner has not carried her burden at step

---

[1] Counsel for both parties present at the hearing agreed that Ehlers-Danlos syndrome was a cause of death on plaintiff's death certificate.

3

five, judgment in favor of plaintiff is appropriate. *Wilson*, 743 F.2d at 222.

Moreover, substantial evidence does not support the ALJ's finding that plaintiff was not disabled. Plaintiff reported to have undergone seventeen surgeries before the age of eighteen due to Ehlers-Danlos syndrome, Tr. 514, complications of which include chronic joint pain and rupture of major blood vessels in vascular-type Ehlers-Danlos. Pl's Ex. 3. Plaintiff's Ehlers-Danlos caused additional complications whenever plaintiff underwent surgeries or other procedures. Tr. 187; 500; 581; 632. Indeed, in two years plaintiff appears to have been to the hospital more than twenty times, and the ALJ failed in his decision to address the frequency of plaintiff's medical needs or the effect such care would have on plaintiff's ability to work.

In addition to her physical impairments, plaintiff suffered from long-term psychiatric disorders, Tr. 196, and both plaintiff's treating psychiatrist and a consultative examiner assessed plaintiff in 2010 to have a Global Assessment of Functioning score of 50, indicating serious symptoms or serious impairment in social or occupational functioning. Tr. 487; 520. In spite of all of this, plaintiff continued to attempt to work until 2009, the fact of which only serves to bolster plaintiff's credibility. Having considered the decision as a whole, the Court finds it was not supported by substantial evidence.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision

denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

A remand of this matter is unnecessary as the ALJ erred when failing to use a VE at step five of the sequential evaluation, and substantial evidence does not support his decision. The ALJ's finding at step four that plaintiff could not perform her past relevant work should therefore "carry the day in her favor and require that judgment be so entered." *Wilson*, 743 F.2d at 222.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 18] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this _8_ day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE